Robert B. Davenport Director Kansas Bureau of Investigation 1620 Tyler Topeka, Kansas 66612-1837
Dear Director Davenport:
You request our opinion regarding whether the document containing the Kansas incident based reporting system codes is a public record that must be released to the public upon request. The purpose of the code sheet is to assist law enforcement officers in filling out the standard offense report, using codes rather than longhand explanations. The code sheet sets out several numerical and alphabetical codes and what each code stands for.
The Kansas open records act (KORA), K.S.A. 45-215 et seq., provides that public records are open for public inspection unless the record or information in the record is closed as specifically authorized by law. K.S.A. 45-216; 45-218(a). The term "public record" is defined in the KORA as "any recorded information, regardless of form or characteristics, which is made, maintained or kept by or is in the possession of any public agency." The code sheet in question is recorded information made, maintained or kept by public agencies, i.e. sheriffs' offices, police departments and the bureau. Thus the code sheet is a public record.
Pursuant to K.S.A. 1992 Supp. 45-221, certain public records must or may be closed, except to the extent otherwise required by law (e.g. pursuant to a court order, etc.). Three potential closure provisions in K.S.A. 1992 Supp. 45-221 are subsection (a)(1), (a)(10) and (a)(30).
K.S.A. 1992 Supp. 45-221(a)(1) states that "records the disclosure of which is specifically prohibited or restricted by . . . state statute . . ." are not required to be disclosed. K.S.A. 22-4707(a) provides that "[a] criminal justice agency . . . may not disseminate criminal history record information except in strict accordance with laws. . . ." However, "criminal history record information" is defined in K.S.A. 1992 Supp. 22-4701(b) as "data initiated or collected by a criminal justice agency on a person pertaining to a reportable event." The information contained in the code sheet (the codes and their meanings) is not data initiated or collected by a criminal justice agency on a person. The information on the code sheet is static, it preexists and is separate form the investigation process. Therefore the information in the code sheet is not subject to closure under K.S.A. 22-4707.
K.S.A. 1992 Supp. 45-221(a)(10) allows discretionary closure of criminal investigation records except those ordered disclosed by the district court in specified circumstances. The term "criminal investigation records" is defined in K.S.A. 1992 Supp. 45-217(b) as "records of an investigatory agency or criminal justice agency . . . compiled in the process of preventing, detecting or investigating violations of criminal law. . . ." Again, the information in the code sheet is not compiled in the process of preventing, detecting or investigating a criminal violation. It is information that exists prior to the initiation of any of these processes and that remains unchanged throughout the process.
Finally, K.S.A. 1992 Supp. 45-221(a)(30) allows closure of public records containing information of a personal nature where public disclosure would constitute a clearly unwarranted invasion of personal privacy. The information in the code sheet is not about any specific individual. Therefore it is not personal in nature nor would disclosure of that information alone constitute an invasion of personal privacy.
We are unaware of any other provisions of law which might operate to require or allow closure of the information contained in the code sheet. However, while the code sheet itself and generally the first page of the standard offense report (see Attorney General Opinions No. 84-124 and 87-25) must be disclosed pursuant to the KORA, some information on the standard offense report, possibly including a code, may be closed as discussed in Attorney General Opinion No. 92-149. Whether particular standard offense report information may be closed in a particular situation is a case-by-case determination.
In conclusion, the Kansas incident based reporting system code sheet is a public record that must be disclosed by law enforcement agencies upon request.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
RTS:JLM:jm